UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LIBERTY MUTUAL FIRE INSURANCE CO.　　　CIVIL ACTION NO. 09-cv-0480

VERSUS　　　JUDGE HICKS

BEAIRD CO., LTD.　　　MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Liberty Mutual Fire Insurance Co. filed this civil action based on an assertion of diversity jurisdiction, so the burden is on Liberty Mutual to set forth facts that ensure the presence of diversity of citizenship. And the court has a duty to *sua sponte* determine the existence of subject matter jurisdiction.

Liberty Mutual describes itself as a "non-Louisiana company with its principal place of business in Massachusetts." Liberty Mutual does not specify that it is a corporation. If it is, a corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See

also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation").

Accordingly, if Liberty Mutual wishes to ensure that the court has subject-matter jurisdiction to hear this case it must amend its complaint and state with specificity the state in which it is incorporated (to go along with its allegation that its principal place of business is in Massachusetts) if it is a corporation.

If Liberty Mutual is a form of entity other than a corporation, it must state its citizenship in accordance with the rules applicable to that form of entity. See, e.g., Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008) (LLC's) and Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008) (limited partnership). Those same rules also apply to other unincorporated associations.

Liberty Mutual should amend its complaint by **April 24, 2009** and set forth facts to address this issue. Leave of court may not be needed to file the amendment if Liberty Mutual acts promptly. See Fed. R. Civ. Proc. 15(a)(1).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE